# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE:<br>**DIANE TRAVINIKOFF CLAY,**<br>    Debtor, | §<br>§<br>§<br>§ | **CHAPTER 13**<br><br>**CASE NO. 20-71043** |
| **DIANE TRAVINIKOFF CLAY,**<br>    Plaintiff,<br><br>v.<br><br>**FIRST BANK,**<br>    Defendant/Third Party Plaintiff,<br><br>v.<br><br>**RICHARD R CLAY,**<br>    Third-Party Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **ADVERSARY NO. 20-07001-hdh** |

### DEFENDANT/THIRD-PARTY PLAINTIFF FIRST BANK'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

In support of its Motion to Dismiss Cross-Claim pursuant to Federal Rule of Civil Procedure 12(b)(6), filed this same day and incorporated by reference, Defendant/Third-Party Plaintiff First Bank ("First Bank" or "Defendant") files this Brief in Support of its Motion, and shows as follows:

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

I. BACKGROUND AND SUMMARY ................................................................................. 1

II. DISMISSAL GROUNDS .................................................................................................. 6

III. LEGAL STANDARD ........................................................................................................ 6

IV. ARGUMENT AND AUTHORITIES ................................................................................ 7

   A. Plaintiff is not entitled to an accounting ..................................................................... 7

   B. Plaintiff's claims for breach of fiduciary duty and duty of good faith and fair dealing are not recognized under Texas law ............................................................... 8

   C. Plaintiff's unjust enrichment, civil conspiracy, and wrongful foreclosure of the Ohio Street Property claims fail as a matter of law because she alleges no wrongdoing on the part of Defendant ........................................................................ 9

   D. Plaintiff's wrongful foreclosure claim based upon the foreclosure of the Ohio Street and Bishop Road Property fails because she cannot establish a defect in the sale proceedings that resulting in an inadequate sales price ......................... 12

   E. Plaintiff's wrongful foreclosure claim based upon the foreclosure of the Hickory Downs Property fails because she cannot establish an inadequate sales price ............................................................................................................... 12

   F. Plaintiff's claims for economic duress and duress fail because she has failed to allege that Defendant threatened or took action that was not legally justified ...................................................................................................................... 13

   G. Plaintiff's allegations of a special relationship are not proper against Defendant .................................................................................................................. 14

   H. Plaintiff's claim based upon Section 12.002 of the Texas Civil Practice and Remedies Code fails because they are barred by the statute of limitations she has failed to allege that Defendant's actions were made with the intent to cause her harm ............................................................................................................ 14

## TABLE OF AUTHORITIES

**Cases**

*Adams v. U.S. Bank*, N.A., No. 3:17-cv-723-B-BN, 2017 U.S. Dist. LEXIS 112315, at *6-*8 (N.D. Tex. June 29, 2017), *rec. adopted*, 2017 U.S. Dist. LEXIS 111847, (N.D. Tex. July 19, 2017) ....................................... 8

*Ahmed v. Shah*, 2015 Tex. App. LEXIS 390, 2015 WL 222171, at *5 (Tex. App. Jan.15, 2015, no pet.) ................................................................................ 9

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) ........................................................... 6

*Bell Atlantic v. Twombly,* 127 S. Ct. 1955, 1964–65 (2007) ......................................... 7

*Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 443 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ............................................... 13

*Cinel v.Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) ............................................ 7

*City of San Antonio v. Time Warner Cable Tex., LLC*, No. SA-17-cv-01232-OLG, 2018 U.S. Dist. LEXIS 227896, at *12-13 (W.D. Tex. Apr. 6, 2018) ..................... 7

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–90 (5th Cir. 2000) ......................... 2, 7

*Fed. Deposit Ins. Corp. v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1990) ....................... 13

*Foster v. Bank of N.Y. Mellon*, No. 4:17-CV-319-ALM-CAN, 2018 U.S. Dist. LEXIS 99972, at *31-32 (E.D. Tex. May 9, 2018) ................................................... 8

*Gonzales v. Bank of Am., N.A.*, 574 Fed. Appx. 441, 2014 WL 2937028, at *2 (5th Cir. July 1, 2014) ............................................................................................ 15

*Haile v. Holtzclaw*, 414 S.W.2d 916, 928 (Tex. 1967) ................................................ 10

*Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) ....... 9

*Lee v. Wal-Mart Stores, Inc.*, 34 F.3d 285, 288 (5th Cir. 1994) ................................. 14

*Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) .............. 7

*Murray v. Earle*, 405 F.3d 278, 293 (5th Cir. 2005) .................................................... 9

Reinagel v. Deutsche Bank Nat'l Tr. Co., 735 F.3d 220, 227-28 (5th Cir. 2013) ...................................................................................................... 10, 15

*Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008) ....................... 6

*Richardson v. Kent*, 47 S.W.2d 420, 425 (Tex. Civ. App.—Dallas 1932, no writ) .................................................................................................................. 13

*Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 817 (N.D. Tex. 2012) ................................................................................................. 8

*Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi—Edinburg 2008, no pet) ............................................................. 10, 12

*Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) .................................................. 7

*Sealed Party v. Sealed Party*, No. H-04-2229, 2006 U.S. Dist. LEXIS 28392, at *19-20 (S.D. Tex. Apr. 28, 2006) ............................................................................. 14

*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ............................................... 6

*Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 (5th Cir. 2012) ........................................ 8

*Vanderbilt Mortg. & Fin., Inc. v. Flores*, 747 F. Supp. 2d 794, 804 (S.D. Tex. 2010) .................................................................................................. 15

*Williams v. Countrywide,* 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007) ......................................... 8

**Statutes**

TEX. CIV. PRAC. REM. CODE §16.035(a) ................................................................................... 10

TEX. CIV. PRAC. REM. CODE §16.035(d) ................................................................................... 10

TEX. CIV. PRAC. REM. CODE §16.035(e) ................................................................................... 11

TEX. PROP. CODE § 12.001(a) .................................................................................................... 10

## I. BACKGROUND AND SUMMARY

Plaintiff Diane Travinkoff Clay ("Plaintiff") filed a chapter 13 bankruptcy on May 4, 2020. In that proceeding, Plaintiff filed this adversary complaint against First Bank on September 1, 2020. [ECF No. 1.] First Bank filed its answer on October 2, 2020. [ECF No. 6.] Also, on October 2, 2020, First Bank filed a Motion to Withdraw the Reference, which was granted by the District Court on October 30, 2020. [ECF No. 8, 27.]

On May 17, 2021, Plaintiff filed an Amended Complaint (the "Complaint") with a Consent to Allow Plaintiff to file an Amended Pleading. [ECF No. 36, 37.] The allegations in Plaintiff's Complaint concern First Bank's servicing and foreclosure of loans secured by three properties owned by Plaintiff: 815 Ohio Street, Wichita Falls, Texas 76301 (the "Ohio Street Property"); 1116 Bishop Road, Burkburnett, Texas 76354 (the "Bishop Road Property"); and 5 Hickory Downs, Wichita Falls, Texas (the "Hickory Downs Property").

*815 Ohio Street*

On or about September 14, 2006, Plaintiff Diane Clay executed a Note in the amount of $85,000.00 payable to First Bank. [ECF No. 36 at 4.] Repayment of the Note (the "Ohio Street Note") was secured by a Deed of Trust (the "Ohio Street Deed of Trust") signed by Diane Clay on September 21, 2006 granting a lien on the real property commonly known as 815 Ohio Street, Wichita Falls, Texas 76301 (the "Ohio Street Property"). [*Id.* at 24-32.] The Ohio Street Deed of Trust was recorded in the real property records of Wichita County, Texas under document number 00109570. [*Id.*] The Ohio Street Deed of Trust contains a provision that states that the debt secured includes all obligations by Plaintiff, now existing or that may later arise. [*Id.*]

The original maturity date of the Ohio Street Note was May 14, 2007. [*Id.* at 4.] Through a series of modification agreements (occurring annually during the years 2007 to 2012, and again

on July 31, 2014), the maturity of the Ohio Street Note was extended until July 1, 2015. [*Id.* at 4-5, 33-50.]

On June 10, 2019, nearly four years after the Ohio Street Note had matured and remained unpaid, Plaintiff entered into a contract to sell the Ohio Street Property a company called The Burn Shop as-is for $200,000.00. [*Id.* at 5, 61-79.]

On July 2, 2019, First Bank sent Plaintiff a demand letter notifying her that she was in default on the Ohio Street Note due to its maturity. [*Id.* at 6, 80.] Subsequently, on July 9, 2019, Plaintiff executed a modification agreement dated July 1, 2015, further extending the maturity of the Ohio Street Note until July 1, 2019. (Exhibit A[1], *App. p. 1*.) Plaintiff alleges that she executed this modification under duress due to the demand letter sent by First Bank. [ECF No. 36 at 6.]

On July 12, 2019, Plaintiff entered into a deed-in-lieu of foreclosure agreement granting First Bank title to the Ohio Street Property. [*Id.* at 6, 84-89.] Plaintiff alleges that she was coerced or tricked into entering into the deed-in-lieu of foreclosure by First Bank's foreclosure counsel, Elder & Bickens, based upon its prior relationship with her. [*Id.* at 6-7.]

First Bank, on July 15, 2019 sent Plaintiff notice of foreclosure sale and posted the Ohio Street Property for August 6, 2019 foreclosure sale. [*Id.*, 90-97.] Foreclosure of the Ohio Street Property occurred on August 6, 2019. [*Id.* at 7, 106-122.] First Bank acquired title to the Ohio Street Property for $112,174.00. [*Id.*]

---

[1] Ordinarily, in considering a 12(b)(6) Motion to Dismiss, a court is limited to the pleadings. However, the Fifth Circuit has explained that a court may consider extrinsic documentary evidence in the context of a Rule 12(b)(6) motion if: (1) the document is attached to a defendant's motion to dismiss; (2) the document is referred to in the plaintiff's complaint; and (3) the document is central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Here, the July 1, 2015 Modification Agreement of the Ohio Street Note (Exhibit A, *App. p. 1*) and deed to the Ohio Street Property to The Burn Shop (Exhibit B, *App. p. 5*), are all mentioned in Plaintiff's Complaint and, therefore, are properly considered in the 12(b)(6) context. Further, they are recorded in the Property records and are matters of public record. Defendant requests that the Court take judicial notice of them pursuant to Federal Rule of Evidence 201. These documents are contained in First Bank's Appendix in Support of its Motion to Dismiss, filed this same day and incorporated by reference.

After acquiring the property, First Bank submitted an insurance claim under the hazard policy for repairs to the roof due to hail damages. [*Id.* at 8, 123.] First Bank then sold the Ohio Street Property to The Burn Shop, for $200,000.00 on November 15, 2019. [*Id.* at 7] (Exhibit B, *App. p. 5*.) An insurance check was issued on November 21, 2019 in the amount of $18,305.21, which First Bank accepted for that claim. [*Id.*]

In a hearing on First Bank's Motion for Relief from Automatic Stay on October 21, 2020, First Bank's President, James Johnson, testified that First Bank and Plaintiff had a practice of Plaintiff signing documents at home for them to be notarized by a First Bank notary at the bank without Plaintiff being present. [*Id.* at 5.] Plaintiff alleges this results in all of the modification agreements and the deed-in-lieu of foreclosure to be invalid. [*Id.*]

*1116 Bishop Road Property*

On or about April 13, 2005, Plaintiff Diane Clay executed a Deed of Trust with Future Advance Clause (the "Bishop Road Deed of Trust") granting a lien on 1116 Bishop Road, Burkburnett, Texas 76354 (the "Bishop Road Property") to secure a repayment Note in the amount of $47,700.00 payable to First Bank. [ECF No. 36 at 9, 124-133.] The Bishop Road Deed of Trust was recorded in the real property records of Wichita County, Texas under document number 00069260. [*Id.*]

Through a series of modification agreements, the maturity of the Bishop Road Note was extended until April 1, 2015. [ECF No. 36 at 9, 134-140.] Like the Ohio Street Deed of Trust, the Bishop Road Deed of Trust contains a provision that states that the debt secured includes the Ohio Street Note, all future advances made to Plaintiff, and all obligations by Plaintiff, now existing or that may later arise. [*Id.* at 124-133.]

On November 26, 2018, after the Bishop Road Note had fully matured, Plaintiff granted First Bank a deed-in-lieu of foreclosure. [*Id.* at 9, 141-145.] First Bank then proceeded with a

foreclosure on April 2, 2019 and acquired title to the 1116 Bishop Road Property for $10,000.00. [*Id.* at 9, 150-161.] Plaintiff alleges that the acknowledgments in the modifications and the deed-in-lieu of foreclosure were handled according to First Bank' practice of notarizing the documents after Plaintiff had executed them without her present. [ECF No 36 at 9.]

*Hickory Downs Property*

On or about September 10, 2010, Plaintiff Diane Clay and husband Richard Clay (the "Clays") executed a Deed of Trust (the "Hickory Downs Deed of Trust") granting First Bank a lien on the Hickory Downs Property to secure repayment of a Note in the amount of $389,00.00 payable to First Bank (the "Hickory Downs Note"). [ECF No. 36 at 10, 174-178.] The Hickory Downs Deed of Trust was recorded in the real property records of Wichita County, Texas under document number 00016111. [*Id.*] Through a series of modification agreements, the maturity of the Hickory Downs Note was extended until January 15, 2019. [ECF No. 36 at 10-11, 179-190.]

After the Hickory Downs Note matured, First Bank proceeded with foreclosure the Hickory Downs Property. A demand letter was sent on September 17, 2019. [*Id.* at 12, 195-196.] The Hickory Downs Property was then posted for the February 4, 2020 sale date. [*Id.* at 12, 197-201.] The notice of foreclosure for the February 7, 2020 foreclosure contains a VOID stamp on it that is partial whited out. [ECF No. 36 at 197.] The Hickory Downs Property was sold at foreclosure to First Bank in for $335,000.00. [*Id.* at 12, 202-210.] Plaintiff alleges that, according to a recent appraisal, the value of the Hickory Downs Property at the time of the sale was $450,000.00. [ECF No. 36 at 15.]

*Plaintiff's Complaint*

In Plaintiff's Complaint, Plaintiff alleges that Defendant's above handling of the modification agreements, deed-in-lieu agreements, and foreclosing on the properties was wrongful and asserts claims under the following headings: (1) other accounting issues; (2) breach

DEFENDANT/THIRD-PARTY PLAINTIFF FIRST BANK'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)          Page 4
MWZM#: 21-000001-85

of fiduciary duty; (3) unjust enrichment; (4) civil conspiracy; (5) wrongful foreclosure; (6) special relationship; (7) duress and economic duress; and (8) liability related to a fraudulent court record or fraudulent lien of claim filed against real property. [ECF No. 36 at 12-21.]

*Plaintiff's Arguments Lack Merit*

Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's claims for accounting and breach of fiduciary duty between Plaintiff and Defendant fail as a matter of law because Texas law does not recognize any special relationship between Plaintiff and Defendant as lender/borrower. Plaintiff's claim for accounting also fails because she has failed to establish that the accounting is not available through discovery and it is not available to Plaintiff as a remedy because her other claims fail as a matter of law. Plaintiff's unjust enrichment, civil conspiracy, wrongful foreclosure claims relating to the Ohio Street Property fails because she fails to allege any wrongful conduct. Further, Plaintiff's wrongful foreclosure claim relating to the Ohio Street Property and the Hickory Downs Property fail because she cannot establish a defect in any foreclosure sale that caused an inadequate sales price. Plaintiff's wrongful foreclosure claim relating to the Bishop Road Property fails because she fails to allege any defect in the foreclosure process and because she had no ownership interest in the property at the time of the foreclosure sale. Plaintiff's claim for special relationship is not proper against Defendant because it involves a fiduciary duty owned by Defendant's attorneys to her as a prior client. Plaintiff's claim for duress and economic duress fails because Plaintiff has not alleged that Defendant made a threat to do something that was not legally justifiable. Finally, Plaintiff's claims that Defendant recorded and used fraudulent liens fail as a matter of law because a proper acknowledgment is only required for a lien to be recorded, but has no bearing on the validity of the lien.

## II.   DISMISSAL GROUNDS

Defendant asserts the following grounds for dismissal:

A.  Plaintiff is not entitled to an accounting.

B.  Plaintiff's claims for breach of fiduciary duty and duty of good faith and fair dealing are not recognized under Texas law.

C.  Plaintiff's unjust enrichment, civil conspiracy, and wrongful foreclosure of the Ohio Street Property claims fail as a matter of law because she alleges no wrongdoing on the part of Defendant.

D.  Plaintiff's wrongful foreclosure claim based upon the foreclosure of the Ohio Street and Bishop Road Property fails because she cannot establish a defect in the sale proceedings that resulting in an inadequate sales price.

E.  Plaintiff's wrongful foreclosure claim based upon the foreclosure of the Hickory Downs Property fails because she cannot establish an inadequate sales price.

F.  Plaintiff's claims for economic duress and duress fail because she has failed to allege that Defendant threatened or took action that was not legally justified.

G.  Plaintiff's allegations of a special relationship are not proper against Defendant.

H.  Plaintiff's claim based upon Section 12.002 of the Texas Civil Practice and Remedies Code fails because they are barred by the statute of limitations she has failed to allege that Defendant's actions were made with the intent to cause her harm.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant. *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). A formulaic recitation of the elements, because of its conclusory nature, is not entitled to a presumption of

truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009). A plaintiff must instead plead facts, and those facts "must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly,* 127 S. Ct. 1955, 1964–65 (2007). In deciding a motion to dismiss, a court may consider not only the allegations made in the complaint, but also any documents incorporated in the pleading and all matters of which judicial notice may be taken. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996). All documents referred to in the plaintiff's petition, and which are central to the plaintiff's action, are considered "incorporated in the pleading." *See Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–90 (5th Cir. 2000) ("[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his or] her claim."). In addition, "a court may permissibly refer to matters of public record." *Cinel v.Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

### IV. ARGUMENT AND AUTHORITIES

**A. Plaintiff is not entitled to an accounting.**

Plaintiff alleges that she has not received an accounting concerning funds in the amount of $12,500.00 that she provided to First Bank and jewelry that First Bank is holding as collateral with a wholesale value of $42,465.00. [ECF No. 36 at 12.] At most, these allegations amount to a request for an accounting to First Bank. Under Texas law, an accounting is ordinarily available as a remedy when a fiduciary or contractual relationship exists and the facts and accounts presented are so complex that adequate relief may not be obtained at law. *City of San Antonio v. Time Warner Cable Tex., LLC*, No. SA-17-cv-01232-OLG, 2018 U.S. Dist. LEXIS 227896, at *12-13 (W.D. Tex. Apr. 6, 2018).

Here, Plaintiff and Defendant's relationship is that of a lender-borrower relationship, and no such fiduciary relationship exists. *Williams v. Countrywide,* 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007) (stating that Texas law does not recognize a fiduciary relationship between a lender and a borrower). Therefore, Plaintiff is not entitled to an accounting based upon the relationship between her and Defendant. Further, accounting is not warranted because the allegations in the Complaint do not show that the facts are so complex that an accounting is warranted because Plaintiff can obtain a transaction history through ordinary discovery procedures. *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 (5th Cir. 2012) (affirming dismissal of accounting claim when the plaintiff failed to establish that such information could not be obtained through ordinary discovery). Finally, Plaintiff is not entitled to an accounting as a remedy for any other cause of action because, as shown below, Plaintiff's other claims fail as a matter of law. *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 817 (N.D. Tex. 2012) (finding that because the court dismissed all of plaintiff's causes of action, she was not entitled to relief in the form of an accounting). Accordingly, because Plaintiff's claim for accounting fails and must be dismissed

**B. Plaintiff's claims for breach of fiduciary duty and duty of good faith and fair dealing are not recognized under Texas law.**

Plaintiff alleges that First Bank breached its fiduciary duty and duty for good faith and fair dealing owed to Plaintiff. [ECF No. 13-15.] Texas law is clear, however, that a lender owes no such duties to a borrower. *Foster v. Bank of N.Y. Mellon*, No. 4:17-CV-319-ALM-CAN, 2018 U.S. Dist. LEXIS 99972, at *31-32 (E.D. Tex. May 9, 2018) (collecting cases); *Adams v. U.S. Bank*, N.A., No. 3:17-cv-723-B-BN, 2017 U.S. Dist. LEXIS 112315, at *6-*8 (N.D. Tex. June 29, 2017), *rec. adopted*, 2017 U.S. Dist. LEXIS 111847, (N.D. Tex. July 19, 2017). Therefore, these claims should be dismissed.

### C. Plaintiff's unjust enrichment, civil conspiracy, and wrongful foreclosure of the Ohio Street Property claims fail as a matter of law because she alleges no wrongdoing on the part of Defendant.

Plaintiff's unjust enrichment, civil conspiracy, and wrongful foreclosure claims are all based upon her theories that in July 2019: (1) First Bank wrongfully obtained a modification of the Ohio Street Note and Deed of Trust and a deed-in-lieu of foreclosure of the Ohio Street Property despite the prior modifications being invalid due to them not being properly notarized and (2) because the statute of limitations had run on enforcing the Ohio Street Deed of Trust. [ECF No. 36 at 15-16.]  Common to all of these causes of action is that Plaintiff must establish some sort of wrongdoing on the plaintiff.  As explained below, because both theories of wrongful conduct fail as a matter of law, her claims involving the Ohio Street Property also fail and should be dismissed.

*Elements of Unjust Enrichment*

"A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). "A key element of unjust enrichment is that the person sought to be charged wrongly secured or passively received a benefit." *Ahmed v. Shah*, 2015 Tex. App. LEXIS 390, 2015 WL 222171, at *5 (Tex. App. Jan.15, 2015, no pet.)

*Elements of Civil Conspiracy*

Under Texas law, civil conspiracy requires a showing of: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Murray v. Earle*, 405 F.3d

278, 293 (5th Cir. 2005). A plaintiff must prove either "that the defendants conspired to accomplish an unlawful purpose or used unlawful means to accomplish a lawful purpose." *Id.*

*Elements of Wrongful Foreclosure*

The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi—Edinburg 2008, no pet). First, the improper practice of Diane Clay executing the modification agreements and deed-in-lieu of foreclosure affects only the validity of the verification on those instruments.

*Plaintiff's modifications were not invalid due to the defects in the acknowledgment.*

Plaintiff is simply incorrect that the defects in the acknowledgment for the modification agreements and the deed-in-lieu of foreclosure renders them invalid. A proper acknowledgment is necessary to *record* an instrument. TEX. PROP. CODE § 12.001(a). But an instrument need not be recorded for it to be valid between the parties. *Haile v. Holtzclaw*, 414 S.W.2d 916, 928 (Tex. 1967). Therefore, a defective acknowledgment would, at most, allow subsequent purchasers to claim that it was not on constructive notice of the recorded documents but it would not affect the validity of the agreements themselves. *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 227-28 (5th Cir. 2013). Therefore, Plaintiff's assertion that the defective acknowledgements renders the modification agreements invalid lacks merit.

*The statute of limitations had not run on the Ohio Street Deed of Trust.*

Plaintiff is also incorrect that the statute of limitations to enforce the Ohio Street Deed of Trust had run when she entered into the loan modification agreement. Under Texas law, the statute of limitations to enforce a real property lien expires four years after the date that the cause

of action accrues. TEX. CIV. PRAC. REM. CODE §16.035(a). After that date, the real property lien becomes void and unenforceable. TEX. CIV. PRAC. REM. CODE §16.035(d).

In this case, Plaintiff alleges that the maturity date of the Ohio Street Note, which was extended until July 1, 2015, started the accrual of the cause of action. If true, the statute of limitations would have run on July 1, 2019 and First Bank's subsequent actions would have involved collecting on a lien that was barred by the statute of limitations. According to Plaintiff, she would not have entered into the last modification agreement or deed-in-lieu of foreclosure and should have ownership of the 815 Ohio Street Property free and clear of all liens.

However, Plaintiff's statute of limitations argument is misplaced. The Ohio Street Deed of Trust states that the Ohio Street Property is security for repayment of the Ohio Street Note and any other indebtedness that Plaintiff has with First Bank. [ECF No. 36 at 24-32.] Texas law provides that when a series of notes or obligations are secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note. TEX. CIV. PRAC. REM. CODE §16.035(e). As mentioned above, Plaintiff's Hickory Downs Note obligation to First Bank did not mature until January 1, 2019. [ECF No. 36 at 10-11, 189-190.] Because Plaintiff's Ohio Street Note was not the last note obligation to mature, the maturity date of the Hickory Downs Note of July 1, 2019—and not July 1, 2015—was the maturity date of the Ohio Street Deed of Trust. TEX. CIV. PRAC. REM. CODE §16.035(e). Thus, when First Bank sent a demand letter to Plaintiff on July 2, 2019 and Plaintiff executed a modification agreement on July 15, 2019, the four-year statute of limitations for First Bank to enforce the Ohio Street Deed of Trust had not run.

Therefore, because Plaintiff cannot establish that First Bank's conduct concerning the Ohio Street modifications and demand letters was wrongful: (1) her claim for unjust enrichment should be dismissed she has failed to allege that Defendant obtained a benefit through fraud,

duress, or the taking of an undue advantage of her; (2) her claim for civil conspiracy should be dismissed because she failed to allege that Defendant committed an unlawful, overt act; and (3) her wrongful foreclosure claim concerning the Ohio Street Property should be dismissed because she failed to allege that that there was a defect in the foreclosure proceedings.

    **D. Plaintiff's wrongful foreclosure claim based upon the foreclosure of the Ohio Street and Bishop Road Property fails because she cannot establish a defect in the sale proceedings that resulting in an inadequate sales price.**

Plaintiff's wrongful foreclosure claim based upon the foreclosure of the Ohio Street and the Bishop Roads Properties fail because she has failed to allege any purported defect in the foreclosure sales proceedings that caused either property to sell for an inadequate sales price. Indeed, Plaintiff appears to rely on the invalidity of the acknowledgments in the modification agreements as a purported defect and does not even allege that the Ohio Street Property's sales price was inadequate. [ECF No. 36 at 4-10.] But not only does that theory lack merit (as explained above), but those allegations do not demonstrate a not a defect in the foreclosure *proceeding*. Therefore, these claims fail and must be dismissed. *Sauceda*, 268 S.W.3d at 139 (stating the elements of a wrongful foreclosure claim).

    **E. Plaintiff's wrongful foreclosure claim based upon the foreclosure of the Hickory Downs Property fails because she cannot establish an inadequate sales price.**

Plaintiff's wrongful foreclosure claim based upon the Hickory Downs Property is based upon two theories. First, she reasserts her theory that the modification documents for the Hickory Downs Note and Deed of Trust are invalid because they were not properly notarized. [ECF No. 36 at 10-12.] Second, Plaintiff asserts that the foreclosure was wrongful because the notice of sale had "Void" marked on it. [*Id.*at 12.]

As explained above, the lack of acknowledgment has no bearing on the ability to enforce the agreement; it only affects whether the documents were properly recorded. Likewise,

Plaintiff's first theory for wrongful foreclosure of the Hickory Downs Property fails and should be dismissed.

Plaintiff's second theory fares no better. The threshold percentage recognized by the Fifth Circuit for an inadequate foreclosure sales price is less than 60% of the fair market value. *Fed. Deposit Ins. Corp. v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1990) (quoting *Richardson v. Kent*, 47 S.W.2d 420, 425 (Tex. Civ. App.—Dallas 1932, no writ)). Here, Plaintiff alleges that the value of the Hickory Downs Property was $450,000.00. Thus, with a foreclosure sales price of $335,000.00, the sales price was 74%—an amount well in excess of the 60% threshold. Therefore, Plaintiff's allegations fail to establish that any purported defect in the foreclosure proceedings resulted in an inadequate sales price and of her claim should be dismissed.

**F. Plaintiff's claims for economic duress and duress fail because she has failed to allege that Defendant threatened or took action that was not legally justified.**

Plaintiff alleges that First Bank's threat to foreclose on its lien that never existed or, in the alternative, was barred by the statute of limitations, caused her to enter into a loan modification and deed-in-lieu agreement with First Bank.

Under Texas law, the elements of duress are: (1) a threat or action taken without legal justification; (2) the action or threat was of such a character as to destroy the other party's free agency; (3) the threat or action overcame the opposing party's free will and caused it to do that which it would not otherwise have done and that which it was not legally bound to do; (4) the restraint was imminent; and (5) the opposing party had no present means of protection. *Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 443 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

Similarly, the elements of the tort of economic duress are as follows: (1) there is a threat to do something which a party threatening has no legal right to do; (2) there is some illegal exaction or some fraud or deception; and (3) the restraint is imminent and such as to destroy free

agency without present means of protection. *Lee v. Wal-Mart Stores, Inc.*, 34 F.3d 285, 288 (5th Cir. 1994) (internal quotation and citation omitted).

Under both theories of duress, Plaintiff must establish a threat was made by First Bank with no legal justification. Plaintiff alleges that First Bank's threat of foreclosure of the Ohio Street Property was not legally justifiable. But, once again, her theory that the threat was wrongful fails because the modification agreements were still valid despite the acknowledgment being defective, and the Ohio Street Deed of Trust was not barred by the statute of limitations. Therefore, these claims should be dismissed.

### G. Plaintiff's allegations of a special relationship are not proper against Defendant.

Plaintiff claims that she was coerced or tricked into entering into the deed-in-lieu of foreclosure by First Bank's foreclosure counsel, Elder & Bickens, based upon its prior representation of her in other matters. These allegations are not proper against First Bank as they relate to Elder & Bickens breach of fiduciary duty to Plaintiff as her prior counsel. A claim for breach of a fiduciary duty requires a plaintiff to establish the following elements: (1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant's breach of its fiduciary duty owed to the plaintiff; and (3) injury to the plaintiff or benefit to the defendant resulting from the defendant's fiduciary duty breach. *See Sealed Party v. Sealed Party*, No. H-04-2229, 2006 U.S. Dist. LEXIS 28392, at *19-20 (S.D. Tex. Apr. 28, 2006).

As explained before, Defendant owes no fiduciary duty to Plaintiff. And to the extent a fiduciary duty arising out of Elder & Bickens's prior representation of Plaintiff does exist, her claim for breach of that duty resides of Elder & Bickens, not Defendant. Therefore, this claim should be dismissed.

### H. Plaintiff's claim based upon Section 12.002 of the Texas Civil Practice and Remedies Code fails because they are barred by the statute of limitations she has failed to allege that Defendant's actions were made with the intent to cause her harm.

A claim under Section 12.002 of the Texas Civil Practice and Remedies Code ("Section 12.002") requires a plaintiff to show that the defendant: "(1) made, presented, or used a document with knowledge that it was a fraudulent lien or claim against real or personal property or an interest in real or personal property, (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical injury, financial injury, or mental anguish." *Gonzales v. Bank of Am., N.A.*, 574 Fed. Appx. 441, 2014 WL 2937028, at *2 (5th Cir. July 1, 2014) (internal quotation marks omitted).

Plaintiff's claims under Section 12.002 of the Texas Civil Practice and Remedies Code are based upon her theory that First Bank's use of the modification documents and deeds-in-lieu of foreclosure were fraudulent liens or claims on the Property due to the invalid acknowledgments. [ECF No. 36 at 16.]

First, these claims must be brought within four years for the date the cause of action accrued. Thus, any claims based upon the modification documents being recorded before September 1, 2016—more than four years before the suit was filed—are barred by the state of limitations and should be dismissed. *See Vanderbilt Mortg. & Fin., Inc. v. Flores*, 747 F. Supp. 2d 794, 804 (S.D. Tex. 2010).

Further, Plaintiff cannot establish that the modifications were fraudulent or that the recordings were made with the intent to harm Plaintiff. The modification agreements were valid—not fraudulent—agreements, even though the acknowledgments may have been defective. And recording said documents *could not* cause her harm, they could only provide constructive notice to third-parties of the modification agreements. *Reinagel*, 735 F.3d at 227-28. Therefore, these claims fail and should be dismissed.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) be granted and that the Court award such other and further relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**PHILIP W. DANAHER**
Texas Bar No. 24078395
pdanaher@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
(214) 635-2650
(214) 635-2686 (Fax)

ATTORNEYS FOR DEFENDANT/THIRD-PARTY PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 28, 2021, a true and correct copy of the foregoing document was delivered to the following counsel of record via ECF Notification:

Hank Rugeley
Davison Rugeley, LLP
PO Drawer 99
Wichita Falls, TX 76307
(940)766-1388
Fax : (940)766-5396
hank@ddhrlaw.com

Monte J. White
Monte J. White & Associates, P.C.
1106 Brook Avenue
Hamilton Place
Wichita Falls, TX 76301
(940) 723-0099
Fax : (940) 723-0096
legal@montejwhite.com

*/s/ Philip W. Danaher*
**PHILIP W. DANAHER**